IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BELVIN McGEE, | ) | CASE NO. 1:12-CV-01421 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| KIMBERLY CLIPPER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner, Belvin McGee ("Petitioner" or "McGee"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 6, 2012.  Doc. 1.  McGee challenges the constitutionality of his conviction and sentence following his guilty plea in *State of Ohio v. Belvin McGee*, Case No. CR 383003 (Cuyahoga County).  He asserts two grounds for relief:

> **Ground One**: Judgment of underlying plea agreement, in legal effect, is absolutely void.

> **Ground Two**: The sentences, in legal effect, is absolutely void, for want of statutory authority.

Doc. 1.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  Respondent has filed a motion to dismiss McGee's habeas petition as time-barred.[1]  Doc. 8.  As explained below, McGee's petition for writ of habeas corpus is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) and McGee is not entitled to equitable tolling of the statute of limitations.  Accordingly, the undersigned recommends that Respondent's motion to dismiss (Doc. 8) be GRANTED and

---

[1] Alternatively, Respondent argues that McGee's grounds for relief are procedurally defaulted.  Doc. 8.

McGee's petition for writ of habeas corpus (Doc. 1) be DENIED with prejudice.  McGee's

Motion to Expand the Records under Rule 7 (Doc. 14) is hereby DENIED.[2]

## I.  Factual Background

As detailed below, McGee's case involves multiple appeals and attempts to seek post-

conviction relief.

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

of a state court, the state court's factual findings are presumed correct.  The petitioner has the

burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1);

*see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008), *cert. denied,* 129 S. Ct. 2878 (2009).

In the December 12, 2001, Journal Entry and Opinion affirming McGee's conviction, the Eighth

District Court of Appeals summarized the facts underlying McGee's conviction as follows:

> On November 8, 1999, the Cuyahoga County Grand Jury issued a fifty-three
> count indictment charging the appellant with various sexual offenses against five
> victims, all of whom are the biological children of appellant, all under the age of
> thirteen.  The various counts involved gross sexual imposition, felonious sexual
> penetration, and rape.  A number of the counts included use of force and
> contained the violent sexual predator specification.
>
> On December 13, 1999, a jury trial commenced.  The following day, the appellant
> withdrew his previously entered not guilty plea and pled guilty to five counts of
> the indictment and stipulated to the classification of a sexual predator.

Doc. 8-1, pp. 97-98 (Ex. 8).

## II. Procedural Background

### A.      State Conviction

Following the Cuyahoga County Grand Jury's November 8, 2009, indictment (Doc. 8-1,

pp. 1-53 (Ex. 1)), McGee, through counsel, entered a plea of not guilty and a jury trial

---

[2] In his June 6, 2013, Motion to Expand the Records under Rule 7, McGee requests that the Court order Respondent "to produce the transcripts of all the state court proceedings to authenticated the truth within McGee's claims."  Doc. 14.

commenced on December 13, 1999 (Doc. 8-1, p. 97 (Ex. 8)).  On day two of the jury trial, McGee withdrew his not guilty plea and pled guilty to five counts of the indictment and stipulated to the classification of a sexual predator.  Doc. 8-1, p. 54 (Ex. 2); Doc. 8-1, p. 97 (Ex. 8).  On recommendation of the prosecutor, Counts 17, 27, 37, 43, and 53 were amended to delete specifications.  Doc. 8-1, p. 54.  McGee pled guilty to one count of attempted rape (as amended in Count 17); two counts of rape (as amended in Counts 27 and 37); and two counts of gross sexual imposition (as amended in Counts 43 and 53).  Doc. 8-1, p. 559 (Ex. 61).  On the recommendation of the prosecutor, the remaining counts were nolled.  Doc. 8-1, p. 54 (Ex. 2).

On December 20, 1999, the trial court sentenced McGee to eight years on Count 17; life imprisonment on each of Counts 27 and 37; and five years on each of Counts 43 and 53, with Count 17 to run consecutive to Counts 27, 37, 43, and 53 and, Counts 27, 37, 43, and 53 to run concurrently with each other.  Doc. 8-1, p. 55 (Ex. 3).  In accordance with his prior stipulation, the trial court classified McGee as a sexual predator.  Doc. 8-1, pp. 56-57 (Ex. 4).  On December 23, 1999, the trial court reconvened the court in order to state the required reasons for imposing the sentence upon McGee.  Doc. 8-1, p. 98 (Ex. 8).

**B.      Direct Appeals and Post-Conviction Proceedings**

**1.      January 5, 2000, Direct Appeal**

On January 5, 2000, McGee, through counsel, filed a timely Notice of Appeal to the Eighth District Court of Appeals.  Doc. 8-1, p. 58 (Ex. 5).  In his Brief filed on November 3, 2000, McGee, through new counsel, raised five assignments of error.[3]  Doc. 8-1, pp. 60-86 (Ex.

---

[3] The five assignment of errors were:

    1.   Defendant was denied due process of law when the court misinformed defendant as to the penalty that could be imposed.

    2.   Defendant was denied due process of law when the court did not inform defendant that he was entering pleas of guilty to non-probational offense.

    3.   Defendant was denied due process of law when there was no knowing, intelligent and voluntary

6).  Also, on February 2, 2001, with leave of court, McGee, *pro se*, filed a "Supplement Brief

and Assignment of Error" wherein he raised an additional assignment of error.[4]  Doc. 8-1, pp.

87-95 (Ex. 7); Doc. 1, p. 108 (Ex. 8).  On November 21, 2001, the Eighth District Court of

Appeals announced its decision affirming the trial court's judgment.[5]  Doc. 8-1, pp. 96-114 (Ex.

8).  On December 3, 2001, McGee filed an Application for Reconsideration.  Doc. 8-1, pp. 115-

118 (Ex. 9).  On December 12, 2001, the court of appeals denied McGee's Application for

Reconsideration.  Doc. 8-1, p. 119 (Ex. 10).   In April 2002, the Ohio Supreme Court denied

leave to appeal and dismissed McGee's appeal as not involving any substantial constitutional

question.[6]  Doc. 8-1, p. 120 (Ex. 11).

### 2.    Post-conviction filings prior to resentencing

McGee filed multiple motions attempting to withdraw/rescind his guilty plea and to

invalidate his conviction and sentence.  Except for McGee's November 14, 2006, Crim. R. 47

Motion for Correction of Invalid Pleas and Sentence,[7] his attempts were unsuccessful.  *See e.g.,*

May 7, 2002, Motion for Withdrawal of Plea - Doc. 8-1, pp. 121-131 (Ex. 12);[8] August 11, 2003,

---

understanding as to the stipulation that defendant was a sexual predator.
    4.    Defendant was denied due process of law when he was sentenced to maximum consecutive sentences.
    5.    Defendant was denied due process of law when the court retroactively placed its findings on the record.
Doc. 8-1, p. 65 (Ex. 6).

[4] In his additional assignment of error, McGee argued ineffective assistance of trial counsel relating to his decision to enter a guilty plea.  Doc. 8-1, p. 88 (Ex. 7).

[5] The Eighth District Court of Appeals' November 21, 2001, Journal Entry and Opinion was journalized on December 12, 2001.  Doc. 8-1, p. 96 (Ex. 8).

[6] Respondent states that, "[p]ursuant to their retention policy, McGee's Ohio Supreme Court case records have been destroyed through 2006."  Doc. 8, p. 5, n. 3.

[7] McGee's November 14, 2006, Crim.R. 47 Motion is discussed further in Section II.B.3 below.

[8] The court of appeals affirmed (Doc. 8-1, pp. 194-205 (Ex. 18)) the trial court's denial of McGee's May 7, 2002, motion to withdrawal guilty plea (Doc. 8-1, p. 143 (Ex. 14)).  The Ohio Supreme Court denied leave to appeal.  Doc. 8-1, p. 206 (Ex. 19).

Motion for Withdrawal of Guilty Plea - Doc. 8-1, pp. 207-216 (Ex. 20);[9] May 28, 2004, Motion

for Withdrawal of Guilty Plea – Doc. 8-1, pp. 282-290 (Ex. 28);[10] April 7, 2005, Motion to

Withdraw Guilty Pleas – Doc. 8-1, pp. 349-377 (Ex. 32);[11] February 10, 2006, Motion for Plea in

Abatement – Doc. 8-1, pp. 409-417 (Ex. 37);[12] April 11, 2006, Motion for Rescission of Plea –

Doc. 8-1, pp. 423-431 (Ex. 41);[13] December 28, 2007, Motion to Withdraw Guilty Pleas – Doc.

8-1, pp. 509-527 (Ex. 53) and March 25, 2008, Crim.R. 47 Motion for Order Granting Relief

Consistent with *State v. Sarkozy* – Doc. 8-1, p. 548 (Ex. 57).[14]

### 3.    Post-conviction filing leading to resentencing

On November 14, 2006, McGee filed a Crim.R. 47 Motion for Correction of Invalid

Pleas and Sentences.  Doc. 8-1, pp. 452-458 (Ex. 46).  On November 17, 2006, the trial court

denied McGee's Motion for Correction of Invalid Pleas and Sentences.  Doc. 8-1, p. 459 (Ex.

47).  On December 11, 2006, McGee filed an appeal.  Doc. 8-1, pp. 460-477 (Ex. 48-49).  He

raised two assignments of error. Doc. 8-1, pp. 472-473; 474-477 (Ex. 49).  The State filed a

---

[9] The court of appeals affirmed (Doc. 8-1, pp. 279-280 (Ex. 26) the trial court's denial of McGee's August 11, 2003, motion for withdrawal of guilty plea (Doc. 8-1, p. 223 (Ex. 22).  In affirming the trial court's denial of McGee's second motion for withdraw of guilty plea, the court of appeals concluded that the trial court lacked jurisdiction to hear McGee's motion to withdrawal his guilty pleas because the court of appeals had previously heard and affirmed the issue in the appeal from the first motion to withdraw guilty plea.  Doc. 8-1, p. 280 (Ex. 26).  Further, the court of appeals indicated that McGee's claims were barred by *res judicata*.  Doc. 8-1, p. 280 (Ex. 26).  The Ohio Supreme Court denied leave to appeal.  Doc. 8-1, p. 281 (Ex. 27).

[10] The trial court denied McGee's May 28, 2004, motion (Doc. 8-1, p. 348 (Ex. 31)) and McGee did not file an appeal.

[11] The trial court denied McGee's April 7, 2005, motion (Doc. 8-1, p. 408 (Ex. 36)) and McGee did not file an appeal.

[12] The trial court denied McGee's February 10, 2006, motion. Doc. 8-1, p. 418 (Ex. 38).  The trial court noted that McGee's conviction had been upheld in *McGee*, 2001-Ohio-4238.  Doc. 8-1, p. 418 (Ex. 38).  On May 5, 2006, McGee appealed (Doc. 8-1, pp. 419-421 (Ex. 39) and the court of appeals dismissed the appeal as barred by *res judicata* (Doc. 8-1, p. 422 (Ex. 40)).

[13] The trial court denied McGee's April 11, 2006, motion.  Doc. 8-1, p. 432 (Ex. 42).  McGee appealed (Doc. 8-1, pp. 433-450 (Ex. 43-44).  The court of appeals, sua sponte, dismissed McGee's appeal based on *res judicata*.  Doc. 8-1, p. 451 (Ex. 45).

[14] On May 22, 2008 (Doc. 8-1, p. 557 (Ex. 59), and on May 27, 2008 (Doc. 8-1, p. 558 (Ex. 60)), the trial court denied McGee's motions.

response (Doc. 8-1, pp. 478-494 (Ex. 50)) and McGee filed a reply (Doc. 8-1, pp. 495-501 (Ex. 51)).  On December 24, 2007, the court of appeals overruled McGee's first assignment of error wherein he argued that his convictions for sexually violent predator specifications violated his constitutional rights.  Doc. 8-1, p. 506 (Ex. 52).  The court of appeals sustained McGee's second assignment of error wherein McGee argued that the trial court erred in failing to inform him of post-release control at his sentencing hearing.  Doc. 8-1, pp. 506-507 (Ex. 52).  Accordingly, the court of appeals found McGee's sentence void, vacated his sentence, and remanded his case for resentencing.[15]  Doc. 8-1, pp. 502-508 (Ex. 52).

### 4.    Resentencing and direct appeal from resentencing

On May 20, 2008, the trial court conducted a resentencing hearing pursuant to the court of appeals' December 24, 2007, journal entry and opinion.  Doc. 8-1, p. 559 (Ex. 61).  On May 28, 2008, the trial court's May 27, 2008, resentencing entry was journalized.  Doc. 8-1, p. 559 (Ex. 61).  The trial court resentenced McGee to the same term of incarceration as his original sentence.  Doc. 8-1, p. 559 (Ex. 61).  The trial court provided notice to McGee that post-release control is part of his prison sentence.  Doc. 8-1, p. 559 (Ex. 61).

On June 13, 2008, McGee, through counsel, filed a notice of appeal from the trial court's resentencing.  Doc. 8-1, pp. 560-562 (Ex. 62).  On July 2, 2008, McGee, *pro se*, filed a "Supplemental Brief" wherein he asserted six assignments of error.[16]  Doc. 8-1, pp. 563-611 (Ex.

---

[15] The court of appeals also indicated that *res judicata* did not apply because McGee's conviction was based on a void sentence.  Doc. 8-1, p. 507 (Ex. 52).

[16] McGee's six assignments of error were:

1.  Appellant suffered prejudice from plain error and the trial court abused its discretion in denying appellant's motion to withdraw guilty pleas when guilty pleas was entered based upon impermissible interpretation of Ohio sentencing law concerning post-release control his guilty pleas was not entered knowingly and intelligently.
2.  Appellant suffered prejudice from plain error and trial court abused its discretion in denying appellant's motion to withdraw guilty pleas when the trial court failed to inform appellant prior to his plea that he would be subject to mandatory post-release control or explain to appellant what post-release control

63).  On August 22, 2008, the State filed a response.  Doc. 8-1, pp. 612-629 (Ex. 64).  On

October 14, 2008, McGee, through counsel, filed a Motion to Amend Notice of Appeal (Doc. 8-

1, p. 630 (Ex. 65)) to add one additional assignment of error: "The trial court violated the

Fourteenth Amendment of the federal constitution in failing to follow *Sakorzy* and in failing to

grant the Motion to Withdraw guilty pleas."  Doc. 8-1, pp. 632-641 (Ex. 67).  On October 15,

2008, the court of appeals granted the Motion to Amend Notice of Appeal.  Doc. 8-1, p. 631 (Ex.

66).  The State filed a response.  Doc. 8-1, pp. 642-655 (Ex. 68).  On January 9, 2009, McGee,

*pro se*, filed a reply.  Doc. 8-1, pp. 656-672 (Ex. 69).  On April 15, 2009, McGee, through

counsel, filed a "Notice of Supplemental Authority from Ohio Supreme Court" wherein he

submitted *State v. Boswell*, 2009 Ohio 1577 (decided April 9, 2009) for the proposition that "[a]

motion to withdraw a plea of guilty or no contest made by a defendant who has been given a

void sentence must be considered as a presentence motion under Crim.R. 32.1."  Doc. 8-1, pp.

673-682, * 674 (Ex. 70).  On July 9, 2009, the court of appeals released its opinion affirming the

trial court's judgment.[17]  Doc. 8-1, pp. 683-694 (Ex. 71).

On September 8, 2009, McGee filed a notice of appeal and memorandum in support of

---

sanctions meant therefore his guilty pleas was not made knowingly and intelligently.
3.   Appellant suffered prejudice from plain error when appellant and the state were acting on erroneous understanding of the applicable law concerning R.C. 2941.148(A), during the plea negotiation and therefore appellant's negotiated pleas was not entered knowingly, and intelligently.
4.   The trial court was without authority to correct erroneous sentence and impose the proper term of post-release control where Appellant's original December 22, 1999, journalized sentence expired with regard to Count 17.
5.   The trial judge was without authority to reside over Appellant's case therefore the judgment has not effect.
6.   Appellant suffered prejudice from plain error when appellant was denied his rights of due process and of assistance of counsel as guaranteed by Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10, and 16, of the Ohio Constitution because his trial counsel provided ineffective assistance of counsel.

Doc. 8-1, pp. 567-568 (Ex. 63).

[17] The court of appeals' opinion was journalized on August 3, 2009.  Doc. 8-1, p. 683 (Ex. 71).

7

jurisdiction with the Ohio Supreme Court wherein he asserted two propositions of law.[18]  Doc. 8-1, pp. 706-747 (Ex. 78-79).  The State filed a waiver indicating that it did not intend to file a response to McGee's memorandum in support of jurisdiction.  Doc. 8-1, p. 748 (Ex. 80).  On November 18, 2009, the Ohio Supreme Court declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question.[19]  Doc. 8-1, p. 749 (Ex. 81).

   **5.      Appellate Rule 26(B) application for reopening**

   While the foregoing appeal was pending, on September 28, 2009, McGee, *pro se*, filed an App.R. 26(B) Application to Reopen his direct appeal.  Doc. 8-1, pp. 750-772 (Ex. 82).  McGee sought to reopen his appeal based on ineffective assistance of counsel due to counsel's failure to raise two assignments of error.[20]  Doc. 8-1, pp. 750-751 (Ex. 82).  The State filed an opposition.  Doc. 8-1, pp. 756-777 (Ex. 83).  On October 28, 2009, McGee, *pro se*, filed a notice of

---

[18] McGee's propositions of law were:

   1.   Whether a court on remand following a void sentence may apply res judicata in circumstances in which the judge disregards what the law clearly commands such as when a judge fails to personally inform a defendant about postrelease control sanctions as required by R.C. 2943.032(E), or was McGee denied due process of law?
   2.   Whether a court on remand following a void sentence may apply the principle of res judicata to a presentence motion under Crim.R. 32.1, in light of *State v. Boswell*, 121 Ohio St.3d 575, syllabus of the court or did the court offend the due process clause of the U.S. Constitution by doing so?

Doc. 8-1, p. 721 (Ex. 79).

[19] In addition to his appeal to the Ohio Supreme Court, on July 16, 2009, McGee, *pro se*, filed with the court of appeals an App.R. 25 Motion to Certify Conflict in appellate court judgments regarding *res judicata* (Doc. 8-1, p. 695 (Ex. 72)) and an App.R. 26(A) Motion for Reconsideration (Doc 8-1, pp. 696-697 (Ex. 73)).  The State filed responses to both motions.  Doc. 8-1, pp. 698-700 (Ex. 74); Doc. 8-1, pp. 701-701 (Ex. 75).  On August 3, 2009, the court of appeals denied McGee's Motion to Certify Conflict (Doc. 8-1, p. 704 (Ex. 76)) and Motion for Reconsideration (Doc. 8-1, p. 705 (Ex. 77)).

[20] McGee argued that his counsel was ineffective in his appeal for not raising the following assignments of error:

   1.   The trial court erred on remand following a void journal entry when it applied res judicata to McGee's presentence motion under Crim.R. 32.1, in light of the fact no judgment of conviction was entered in which res judicata would attach.
   2.   McGee was deprived of his liberty without due process of law because the plea agreement had been breached because McGee did not receive the sentence concessions contemplated by the plea agreement therefore it must be rescinded.

Doc. 8-1, pp. 751-755 (Ex. 82).

supplemental authority from the Ninth Appellate District Court of Appeals of Ohio, *State v. Harmon*, 2009-Ohio-4512.  Doc. 8-1, pp. 778-787 (Ex. 84).  On December 11, 2009, the court of appeals denied McGee's App.R. 26(B) Application to Reopen.  Doc. 8-1, pp. 787-798 (Ex. 85). McGee did not appeal this decision.

### 6.    Post-conviction filings after direct appeal from resentencing

#### a.    May 19, 2010, motion to dismiss

On May 19, 2010, McGee, *pro se*, filed a Crim.R. 47 motion to dismiss void judgment for want of subject matter jurisdiction.  Doc. 8-1, pp. 799-801 (Ex. 86).  On May 24, 2010, the trial court denied McGee's motion to dismiss.  Doc. 8-1, p. 802 (Ex. 87).  McGee did not appeal this decision.

#### b.    September 2, 2010, motion to vacate

On September 2, 2010, McGee, *pro se*, filed a Crim.R. 47 motion to vacate void judgment.  Doc. 8-1, pp. 803-812 (Ex. 88).  The State filed an opposition.  Doc. 8-1, pp. 813-818 (Ex. 89).  On September 23, 2010, the trial court denied McGee's motion to vacate void judgment.  Doc. 8-1, p. 819 (Ex. 90).  McGee filed a Notice of Appeal from the September 23, 2010, denial of his motion to vacate void judgment.  Doc. 8-1, p. 820 (Ex. 91).  On November 9, 2010, the court of appeals, sua sponte, dismissed McGee's appeal.  Doc. 8-1, p. 821 (Ex. 92). Also, on November 9, 2010, the court of appeals denied as moot McGee's motion to extend time to file assignments of error and stated that McGee's appeal had been dismissed sua sponte as *res judicata* and McGee's "initial appeal number 77463 was affirmed and journalized on December 12, 2011.  In addition eleven other appeals have been dismissed previously by this Court."  Doc. 8-1, p. 822 (Ex. 92).  McGee did not appeal to the Ohio Supreme Court.

### F.    Federal Habeas Corpus

On June 6, 2012, McGee filed his petition for writ of habeas corpus ("Petition").  Doc. 1.
McGee asserts two grounds for relief, which are set forth at page 1 above.  On January 25, 2013,
Respondent filed a Motion to Dismiss.  Doc. 8.  On February 6, 2013, on procedural grounds,
McGee objected to Respondent's filing of the Motion to Dismiss.  Doc. 9.  McGee's objections
were not well-taken.  Doc. 11.  On February 19, 2013, McGee filed a Traverse.  Doc. 10.
Because McGee's Traverse did not clearly indicate that his Traverse was to serve as his
Opposition to Respondent's Motion to Dismiss, the undersigned provided McGee with leave to
file an Opposition to Respondent's Motion to Dismiss.  Doc. 12.  On April 30, 2013, McGee
filed an Opposition to Respondent's Motion to Dismiss.  Doc. 13.

### III. Law & Analysis

**A.    AEDPA Statute of Limitations**

Respondent contends that McGee's habeas petition is barred by the one-year statute of
limitations set forth in 28 U.S.C. § 2244(d).  The Antiterrorism and Effective Death Penalty Act
of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody
pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus
and provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation shall run from the latest of --
>
>> (A)  the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>
>> (B)  the date on which the impediment to filing an application created by
>> State action in violation of the Constitution or laws of the United States
>> is removed, if the applicant was prevented from filing by such State
>> action;
>
>> (C)  the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts.  *Jurado v. Burt,* 337 F.3d 638, 640 (6th Cir. 2003).  "[A]n application is pending so long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002); *see also Applegarth v. Warden North Cent. Correctional Inst.*, 377 Fed. Appx. 448, 449-450 (6th Cir. 2010) (relying on *Carey* when concluding that, where an appeal was not taken to the Ohio Supreme Court from the denial of a Rule 5(A) motion for delayed appeal, the AEDPA was not tolled beyond the 45-day period in which the petitioner had to file an appeal).  "In other words, until the application has achieved a final resolution through the State's post-conviction procedures, by definition it remains 'pending.'"  *Id.* at 220.  This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

**B.    McGee's Petition is Barred by the One-Year Statute of Limitations**

**1.    McGee's Petition is Untimely under 28 U.S.C. § 2244(d)**

The one-year statute of limitations began to run when McGee's conviction became

"final," as set forth in § 2244(d)(1)(A).[21]  McGee was convicted and originally sentenced on December 20, 1999.  Doc.  8-1, p. 55 (Ex. 3).   However, as discussed above, following his appeal from his conviction and that sentence, the court of appeals found McGee's December 20, 1999, sentencing judgment entry to be void, vacated that sentence, and remanded his case for resentencing.  Doc. 8-1, pp. 506-508 (Ex. 52).  On remand, the trial court conducted a resentencing hearing on May 20, 2008.  Doc. 8-1, p. 559 (Ex. 61).  The resentencing judgment entry issued by the trial court on May 27, 2008, and journalized on May 28, 2008, (Doc. 8-1, p. 559 (Ex. 61)) serves as the starting point for determining the statute of limitations under 28 U.S.C. § 2244(d)(1)(A).  *See Rashad v. Lafler*, 675 F.3d 564, 567-568 (6th Cir. 2012) (because "final judgment in a criminal case means sentence . . . [t]he clock thus did not begin [for purposes of the AEDPA's statute of limitations] until both his conviction *and* sentence became final by the conclusion of direct review.") (internal quotations and citations omitted) (emphasis in original).

On November 18, 2009, the Ohio Supreme Court declined jurisdiction and dismissed McGee's appeal from his resentencing as not involving any substantial constitutional question. Doc. 8-1, p. 749 (Ex. 81).  Therefore, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" (28 U.S.C. § 2244(d)(1)(A)) was 90 days later, i.e., February 16, 2010, when McGee did not file a petition for certiorari with the United States Supreme Court.  The AEDPA statute of limitations began running on February 17, 2010.  Thus, absent statutory tolling under 28 U.S.C. § 2244(d)(2), McGee had one year from that date, or until February 16, 2011, in which to file his federal

---

[21] McGee does not contend that his Petition is timely under 28 U.S.C. § 2244(d)(1)(A).  Nor does he argue that any other provision in 28 U.S.C. § 2244(d)(1) controls the start of the statute of limitations.  Rather, as discussed in further detail below, he argues that he is actually innocent and Respondent's motion to dismiss should therefore be denied to prevent a miscarriage of justice.  Doc. 13.

habeas corpus petition.

McGee filed his federal habeas corpus petition on June 6, 2012. Doc. 1. A properly filed petition for post-conviction relief tolls, but does not restart, the statute of limitations period during its pendency. *Plaza v. Hudson*, 2008 WL 5273899, * (N.D. Ohio Dec. 17, 2008) (citing *Jurado*, 337 F.3d at 640; *Vroman*, 346 F.3d at 602). During the running of the above noted statute of limitations, i.e., February 17, 2010, until February 16, 2011, McGee filed two motions with the state courts seeking collateral relief. Doc. 8-1, pp. 799-801 (Ex. 86) (May 19, 2010, *pro se*, Crim.R. 47 motion to dismiss void judgment for want of subject matter jurisdiction); Doc. 8-1, pp. 803-812 (Ex. 88) (September 2, 2010, *pro se*, filed a Crim.R. 47 motion to vacate void judgment); *see* Section II.B.6 above.

Giving McGee the benefit of the doubt that his 2010 Crim.R. 47 post-trial motions were "properly filed" to toll the statute of limitations under 28 U.S.C. § 2244(d)(2), as discussed below, McGee's Petition is still time-barred under 28 U.S.C. § 2244(d)(1)(A).[22] On May 19, 2010, McGee filed his first of two 2010 Crim.R. 47 motions. Doc. 8-1, pp. 799-801 (Ex. 86). Up and until (but not including) May 19, 2010, the statute of limitations period had run for 91 days from (and including) February 17, 2010. The trial court dismissed his motion on May 24, 2010. Doc. 8-1, p. 802 (Ex. 87). McGee did not appeal the trial court's May 24, 2010, denial. Assuming he would be entitled to appeal that denial, under Ohio App.R. 4(A), he would have had 30 days from May 26, 2010, to appeal.[23] Thus, the statute of limitations resumed on June 26, 2010.

---

[22] Respondent asserts that these two motions were not "properly filed application[s] for State post-conviction or other collateral review" that would toll the statute under 28 U.S.C. § 2244(d)(2). Doc. 8, pp. 15-18. McGee does not respond to these arguments. Because McGee's Petition is time-barred even if the statute of limitations was tolled during the pendency of the 2010 post-trial motions, it is not necessary to determine whether the post-trial motions filed in 2010 were "properly filed" under 28 U.S.C. § 2244(d)(2).

[23] The trial court's order denying McGee's May 19, 2010, motion to dismiss is dated May 24, 2010, but was entered on May 26, 2010. Doc. 8-1, p. 802 (Ex. 87).

On September 2, 2010, McGee filed his second of two 2010 Crim.R. 47 motions. Doc. 8-1, pp. 803-812 (Ex. 88). From (and including) June 26, 2010, until (and not including) September 2, 2010, 68 days had passed. Thus, up and until (but not including) September 2, 2010, adding 68 days to the 91 days that had previously run, a total of 159 days had passed. On September 23, 2010, the trial court denied McGee's motion to vacate void judgment. Doc. 8-1, p. 819 (Ex. 90). McGee filed a Notice of Appeal from the September 23, 2010, denial. Doc. 8-1, p. 820 (Ex. 91). On November 9, 2010, the court of appeals, sua sponte, dismissed McGee's appeal. Doc. 8-1, p. 821 (Ex. 92). McGee did not appeal to the Ohio Supreme Court. However, under S.Ct. Prac. R. 2.2, McGee had 45 days from November 9, 2010, or until December 24, 2010, to file an appeal to the Ohio Supreme Court. Therefore, the statute of limitations resumed running on December 25, 2010. As of December 25, 2010, 159 days of McGee's one-year statute of limitations had passed. As explained above, these collateral proceedings, even if properly filed, did not revive or restart the limitations period; they only served to pause a clock that had not yet expired. *Vroman,* 346 F.3d at 602. Thus, McGee had 206 more days, or until July 19, 2011, in which to file his federal habeas petition. However, McGee's Petition was filed on June 6, 2012, over 10 months past the one-year statute of limitations. Doc. 1. Accordingly, McGee's Petition is untimely under 28 U.S.C. § 2244.

### 2. McGee is Not Entitled to Equitable Tolling of the Statue of Limitations

The AEDPA's statute of limitations is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)). Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*,

14

424 F. Appx 439, 442 (6th Cir. 2011), *cert. denied*, ___U.S.___, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  There are two forms of equitable tolling: (1) *traditional* equitable tolling; and (2) *actual innocence* equitable tolling.  As discussed below, a petitioner, by satisfying the *Holland* two-part test, may be entitled to traditional equitable tolling.  Additionally, a petitioner may be entitled to actual innocence equitable tolling.  However, for the reasons set forth below, McGee is entitled to neither form of equitable tolling.

### a.  McGee is not entitled to traditional equitable tolling

A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562.  Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011).[24]  In this case, McGee has failed to argue, much less demonstrate, that he is entitled to traditional equitable tolling under the two-part test outlined in *Holland*.  While McGee has filed multiple motions to withdraw and/or vacate his guilty plea, he has not shown, and there is no evidence in the record to establish, that he was prevented by some extraordinary circumstance from seeking habeas relief in a timely manner.  Thus, McGee is not entitled to traditional equitable tolling of the statute of limitations under the *Holland* two-part test.

### b.  McGee is not entitled to actual innocence equitable tolling

---

[24]  Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland's* two-part test has replaced the five-factor inquiry as the "governing framework" to apply.  *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. Appx. 439, 442 n. 1 (6th Cir. 2011), *cert. denied*, ___U.S.___, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011)).  "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Hall*, 662 F.3d at 750; *see also Patterson v. Lafler*, 455 Fed. Appx. 606, 609, n. 1 (6th Cir. 2012).

In addition to equitable tolling under the traditional two-part test outlined above, "a petitioner may also be eligible for equitable tolling if he demonstrates actual innocence so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice."  *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012).  "A valid claim of actual innocence requires '*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied).  "The evidence must demonstrate factual innocence, not mere legal insufficiency."  *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  The Supreme Court recently underscored the fact that, "the miscarriage of justice exception . . . applies to a *severely confined category*: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'"  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013) (quoting *Schulp*, 513 U.S. at 329) (emphasis supplied).

While McGee does not present an argument that he was entitled to equitable tolling under the *Holland* two-part test, he does contend that he should be entitled to have his habeas petition heard because he is actually innocent.  Doc. 13.  He supports his claim of actual innocence with the following:

> Showing Actual Innocence:
>
> The medical reports from discovery indicated no evidence of sexual penetration to the cavity of the alleged victims, nor any statements by the alleged victims that confirms the alligation of sexual penetration, with the exception that Belvin Zerby made the statement that his sister Melissa Zerby was having sex with her boy-friend.
>
> McGee always maintained his innocence and had no desire to plea bargain his case away and proceeded to a jury trial.

During the course of the state's opening statements the prosecuting attorney announced in open court, in front of the jury that there were no 'medical, or physical' evidence in this case.  Melissa Zerby, one of the alleged victims testified that McGee did not touch her in a sexual way.  Carla Zerby, another alleged victim testified that the social worker of the Cuyahoga County Department of Children and Family services told her what to say in the car on the way to court.  McGee is actually innocent of being a sexually violent predator, on the basis that he does not have a prior sexually violent conviction . . .

***

Although the jury trial ended in a plea agreement, in order, to delete the sexually violent predator specifications, in exchange, for McGee guilty pleas, in light of all of the evidence, it is more likely than not that no reasonable jurors would have convicted McGee.  These facts are supported by the transcripts of the jury trial proceedings, and the medical reports of the examination of the alleged victims provided by discovery, which is not included as part of the records submitted by the Respondent.

Doc. 13, pp. 2-3.

As stated by this Court, "evidence that was available at the time of trial cannot be considered in ruling upon a claim of actual innocence." *Smith v. Hudson*, 2008 WL 2079386, *12 (N.D. Ohio May 15, 20*08) (because petitioner made no showing that the evidence he alleged supported his claim of actual innocence was not available at the time his case would have proceeded to trial, he fell short of establishing actual innocence) (internal citations omitted). Here, McGee points to no new evidence to support his request for equitable tolling based on actual innocence.  Moreover, McGee's own statements regarding the evidence upon which he relies highlight the fact that he relies on evidence that was available at the time his trial and subsequent guilty plea, not new evidence.  As noted above, McGee states that, the facts upon which he relies are "supported by the transcripts of the jury trial proceedings, and the medical reports of the examination of the alleged victims provided by discovery . . .".  Doc. 13, p. 3. Accordingly, since McGee presents no new evidence, his attempt to overcome the statute of limitations through a claim of actual innocence fails.  *Id.* at *3 (citing *Rickard v. Wolfe*, 2007 WL

17

4526522, *4 (N.D. Ohio Dec. 17, 2007); *Patterson*, 455 Fed. Appx. At 609 (quoting *Schlup*, 513 U.S. at 324) (indicating that a claim of actual innocence must be supported by "new reliable evidence."); *see also Carter v. MacLaren*, 2012 WL 1611255, *7 (W.D. Mich. May 8, 2012) (finding equitable tolling was not warranted where the petitioner did not submit "new reliable evidence obtained after his trial showing that he is factually innocent"). "Without a credible claim of actual innocence," the dismissal of McGee's federal habeas petition "on the ground that it is time-barred by the statute of limitations does not result in a miscarriage of justice." *Brown v. Bauman*, 2012 WL 1229397, *6 (W.D. Mich. Apr. 12, 2012) (internal citations omitted).

Accordingly, for the reasons set forth above, the undersigned concludes that McGee is not entitled to equitable tolling of the statute of limitations under either traditional or actual innocence equitable tolling principles.

### IV. Conclusion and Recommendation

For all of the reasons stated above, the undersigned concludes that Petitioner Belvin McGee's petition for writ of habeas corpus is barred by the one-year statute of limitations.[25] McGee's Petition was not timely filed under 28 U.S.C. § 2244(d) and McGee is not entitled to equitable tolling.  Accordingly, the undersigned recommends that the Court GRANT Respondent's Motion to Dismiss (Doc. 8) and DENY with prejudice Petitioner Belvin McGee's Petition (Doc. 1).

Dated: June 28, 2013

_Kathleen B. Burke_
_____
Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of

---

[25] Respondent has alternatively argued that McGee procedurally defaulted his federal habeas claims.  Doc. 8, pp. 19-23. However, since McGee's Petition is time-barred, it is not necessary for the Court to address Respondent's procedural default arguments.

Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).