UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BELVIN MCGEE | ) | CASE NO. 1:12CV1421 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | **ORDER AND DECISION** |
| KIMBERLEY CLIPPER, WARDEN | ) | |
| Respondent. | ) | |

On June 6, 2012, Petitioner Belvin McGee signed the instant petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254. Doc. 1. The matter was referred to the Magistrate Judge for a Report and Recommendation ("R&R"). On January 25, 2013, Respondent Kimberly Clipper filed a motion to dismiss, arguing that the petition was untimely pursuant to 28 U.S.C. § 2244(d), and that, in the alternative, Petitioner's grounds for relief were procedurally defaulted. Doc. 8. Petitioner responded to this motion, arguing in part that his May 28, 2008 resentencing entry was void pursuant to Ohio Revised Code 2929.18(B)(3)(c) and (e) by failing to incorporate its notice of post-release control into its journal entry. He further argued the merits of his petition and claimed he was actually innocent, thus entitled to equitable tolling. The Magistrate Judge issued her R&R on June 28, 2013, recommending that the Court dismiss the petition. Doc. 15. Specifically, the Magistrate Judge concluded that Petitioner untimely filed his petition and that he is not entitled to equitable tolling. Doc. 15.

On July 11, 2013, Petitioner filed his objections to the R&R. Doc. 16. Petitioner's objections to the R&R are little more than an attempt to reargue the position he took in his traverse that his 2008 sentence was void for failing to comply with Ohio Law. However, given

the fact that Petitioner is a pro se litigant, the Court has liberally construed his objection. Petitioner's objection is OVERRULED. The Court DENIES Petitioner's belated motion for voluntary dismissal. Doc. 20. The Court ADOPTS the Magistrate Judge's R&R (Doc. 15) and DISMISSES the petition for the reasons stated below.

**I.  STANDARD OF REVIEW**

If a party files written objections to a magistrate judge's report and recommendation a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objections is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

**II.  LAW AND ANALYSIS**

As stated above, this Court will perform a de novo of review of only the portions of the R&R to which the Petitioner specifically objected. Petitioner does not challenge the conclusion in the R&R that the instant petition for writ of habeas corpus is barred by the one-year statute of limitations in 28 U.S.C. 2244 (d)(1) or that Petitioner is not entitled to equitable tolling of the statute of limitations. Instead, Petitioner's sole objection is that his May 27, 2008 sentencing journal entry did not satisfy the mandate of O.R.C. 2919.19(B)(3)(c) and (e). Specifically, he contends that the trial court failed to give him notice of post-release control pursuant to this section, and therefore, his sentence is void. Therefore, he argues, his conviction is invalid.

The R&R notes that in the May 27, 2008 sentencing entry, "[t]he trial court provided notice to McGee that post-release control is part of his prison sentence." A review of the sentencing entry confirms this statement. Petitioner argues, however, that this does not satisfy the requirements of O.R.C. 2919.19(B)(3)(c). Again, his objection is a restatement of his earlier

2

argument that the "trial court deprived him due process of *state* law and equal protection of the laws because it disregarded Statutory requirements under O.R.C. 2929.19(B)(3)(c), and (e)[.]" Emphasis added.  Petitioner questioned the validity of his 2008 sentencing entry on May 19, 2010 as a motion to dismiss the void judgment pursuant to Ohio Crim.R. 47. Doc. 8, ex 86.  The trial court denied the motion. Doc. 8, ex. 87.  On September 2, 2010, he filed a second motion to vacate a void judgment, reiterating his argument. Doc. 8, ex 88.  The State responded.  Doc. 8, ex. 89.  Petitioner's motion to vacate was denied. Doc. 8, ex. 90.  Petitioner's appeal on this issue was dismissed.  Doc. 8, ex. 92.  The appeals court pointed to 11 previous appeals in this case. Notably, in ruling on his appeal from his 2008 resentencing, the state appellate court concluded that res judicata applied to his contention that his guilty plea was involuntary because it had been fully litigated in his initial appeal.  The fact that the state appellate court so concluded is an implicit recognition that it determined that the 2008 sentencing was not void.

> 'Federal habeas corpus relief does not lie for errors of state law.' *Lewis v. Jeffers*, 497 U.S. 764 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41 (1984)…[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) see also *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).  Accordingly, Petitioner's objection on the grounds that his 2008 sentencing entry was void on State grounds is not properly before this Court.  Petitioner has failed to raise any objection to the R&R based upon a violation of federal law, and therefore, this Court adopts the R&R and the Petition is hereby dismissed with prejudice.

**III.    CONCLUSION**

3

For the reasons set forth herein, Petitioner's objection is OVERRULED. The Court ADOPTS the Magistrate Judge's Report. Doc. 15. The Petition for Habeas Corpus is DISMISSED. The Court DENIES Petitioner's belated motion for voluntary dismissal. Doc. 20.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

DATE: September 19, 2013      */s/ John R. Adams*_____
                               Judge John R. Adams
                               UNITED STATES DISTRICT COURT